October 23rd, 1911.

———o———

5372.

(Court of Appeal, Parish of Orleans.)

## THOMAS G. KING vs. NICHOLAS JUNG.

1. The holder of a promissory note may sue thereon though not the owner thereof, and the maker (who would be discharged by payment to the holder), cannot raise the question of ownership, ex-

cept for the purpose of setting up any equities which he might have against the true owner.

2. One who acquires a promissory note after maturity takes it subject to all existing equities in favor of the drawer; but payment made to one not the holder at the time of such payment does not discharge the note, and gives rise to no equity in favor of the drawer.

Appeal from the Civil District Court, Division "E."

Dart, Kernan & Dart, for plaintiff and appellee.

P. W. Maloney, A. Romain, for defendant and appellant.

ST. PAUL, J.—Plaintiff issued executory process and defendant enjoined the seizure on the ground that plaintiff was not the owner of the note sued on, and that said note had been paid and discharged:

It is admitted that plaintiff is not the owner of the note, which is payable to the holder, but brings the suit for account of the Teutonia Bank and Trust Company, the real owner thereof

There is however, no merit in this contention since plaintiff had physical possession of the note at the time the executory process issued. For it is well settled that the holder of a note payable to bearer may sue thereon even though not the owner, and the drawer of such note (who would be discharged by payment to the holder) cannot raise the question of ownership, except for the purpose of setting up any equities which he might have against the true owner.

It is clear however that defendant may set up against plaintiff any defense or equity which would avail him against the Teutonia Bank; and we shall therefore deal with the matter as if this suit were brought by the bank.

— 24 —

The equities and defenses which defendant sets up against the bank are two-fold:

1. That the bank acquired the note after maturity and at a time when the note had already been paid to one R. J. Maloney, who then owned and held the note, and,

2. That in any event the note was held by the bank in pledge to secure an overdraft on the part of said Maloney, which overdraft has since been paid in full, so that the bank has no further claim upon the note, and Maloney's claim thereon is extinguished by payment to himself.

These contentions present practically only issues of fact, and they must be resolved against defendant; by the facts as we find them, and as found by the District Judge, are substantially as follows:

Defendant issued his mortgage note for $1500.00, which note came due on February 8th, 1907; and defendant was then unable to pay the same. He therefore requested Maloney to protect him by taking up the note and holding it for a while. This, Maloney agreed to do, and did do, taking over the note and giving full value for the same. This was on February 13th.

In November of the same year (1907) Maloney pledged the note, with others, to the Teutonia Bank to secure his own demand note for $6,403.00, given to extinguish an overdraft of like amount then existing against him. Subsequently, and particularly in August 1908, defendant paid Maloney in full the amount of the note, but without requiring Maloney to produce the same, contenting himself with Maloney's statement that the note was then in his (Maloney's bank box and would be produced at a more convenient time.

In point of fact the note was then in the possession of the bank as pledgee; so that payment to Maloney, without the production of the note was not such a payment as

could discharge the same to the prejudice of the pledgee and holder thereof. For the bank, having taken the note after maturity, took it indeed subject to any and all equities which existed at the time, but payments made to Maloney, after he had parted with the note, were not payments made to the holder and did not discharge the note or give rise to any equity in favor of the drawer.

As to the contention that the note was given in pledge to secure an overdraft which has since been paid in full, it is completely negatived by the testimony which satisfies us, as it did the District Judge, that the overdraft which was paid in the manner described in the testimony, arose long subsequent to the pledge of the note and was in no manner connected therewith.

On the contrary the note was given, as we have said, to secure a demand loan of said Maloney still unpaid, and the proceeds of which were used to extinguish another and different overdraft long prior to, and in no way connected with, the overdraft spoken of in the testimony.

For these reasons the judgment appealed from appears to us correct and should be affirmed.

Judgment affirmed.

October 23rd, 1911.

————o————

5182.

(Court of Appeal, Parish of Orleans.)